UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MYRDUS ARCHIE,<br>*aka Mary Smith*, | )<br>)<br>) | |
| Petitioner, | )<br>) | 2: 10-cv-01968-RLH-RJJ |
| vs. | )<br>) | **ORDER** |
| SHERYL FOSTER, *et al,* | )<br>) | |
| Respondents. | ) | |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion for appointment of counsel. (Docket #7). Petitioner was convicted after a joint trial of murder and robbery with a deadly weapon, along with conspiracy to commit robbery and faces a life without the possibility of parole. While petitioner appears able to present certain claims, she advises that other claims, including ineffective assistance of counsel claims exist, but that she is unable to formulate them effectively. The sentence is significant, the issues presented are complex and all available claims should be explored and presented.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other

1  reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order
2  appointing such alternate counsel.  In either case, counsel will represent petitioner in all future
3  federal proceedings relating to this matter (including subsequent actions) and appeals therefrom,
4  unless allowed to withdraw.

5       Petitioner and her counsel should pay very close attention to the effect of the one-year statute
6  of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part
7  of the Antiterrorism and Effective Death Penalty Act (AEDPA)).  In addition, petitioner and his
8  counsel should be aware of the holdings in Duncan v. Walker, 533 U.S. 167 (2001), and Fail v.
9  Hubbard, 315 F.3d 1059 (9th Cir. 2002).  The practical effect of Duncan and Fail is that the one-year
10 limitations period applicable to all federal habeas corpus petitions will generally not be tolled during
11 the pendency of a federal habeas corpus petition.  This means that any subsequent habeas corpus
12 petition filed in this Court -- for example, a petition filed after returning to state court to exhaust any
13 unexhausted claims -- may be untimely under the applicable statute of limitations, and the time
14 during which this habeas corpus case is pending will not toll or otherwise excuse compliance with
15 that statute.

16

17       **IT IS THEREFORE ORDERED** that the motion for appointment of counsel (Docket #7)
18 is **GRANTED**. The Federal Public Defender shall be provisionally appointed to represent petitioner.
19       **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the
20 Federal Public Defender for the District of Nevada (FPD) with a copy of this Order, together with a
21 copy of the petition for writ of habeas corpus (Docket #5) and any attachments thereto.
22       **IT IS FURTHER ORDERED** that the Clerk shall SEND a copy of this Order to the CJA
23 Coordinator.
24       **IT IS FURTHER ORDERED** that, within thirty (30) days from the date of entry of this
25 Order, the FPD shall undertake direct representation of petitioner or indicate to the Court its inability
26 to represent petitioner in these proceedings.

1    **IT IS FURTHER ORDERED** that the Clerk shall **RESUBMIT** this case to the Court after
2    the FPD has appeared as counsel for petitioner, after the FPD has indicated its inability to represent
3    petitioner, or after thirty (30) days from the entry of this Order, whichever occurs first.

4    **IT IS FURTHER ORDERED** that counsel for petitioner SHALL contact petitioner as soon
5    as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. §2254; (b)
6    discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus
7    relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief
8    must be raised at this time in this case, and that the failure to do so will likely result in the omitted
9    grounds being barred from future review under the rules regarding abuse of the writ.

10    **IT IS FURTHER ORDERED** that counsel for respondents SHALL make available to
11    counsel for petitioner (photocopying costs at the latter's expense), as soon as reasonably possible, a
12    copy of whatever portions of the state court record they possess regarding the judgment petitioner is
13    challenging herein.

14    **IT IS FURTHER ORDERED** that counsel for petitioner SHALL FILE AND SERVE a
15    First Amended Petition for Writ of Habeas Corpus within ninety (90) days of the entry of this Order.
16    The First Amended Petition shall include all known grounds for relief (both exhausted and
17    unexhausted). Respondents shall have forty-five (45) days after service of the First Amended
18    Petition within which to answer, or otherwise respond to the same. If an answer is filed, petitioner
19    shall have forty-five (45) days from the date of service of the answer to file a reply.

20    **IT IS FURTHER ORDERED** that this scheduling order supersedes any prior such orders.

22    DATED this _____24th_____ day of _____January_____, 2009.

_____
UNITED STATES DISTRICT JUDGE