UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MYRDUS ARCHIE, *aka Mary Smith*, | ) ) ) |
| Petitioner, | ) ) 2:10-cv-01968-RLH-RJJ |
| vs. | ) ) **ORDER** |
| SHERYL FOSTER, *et al.,* | ) ) |
| Respondents. | ) ) |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding with the representation of counsel. On June 15, 2011, the court issued an order requiring petitioner's counsel to show cause why he should not be sanctioned for failing for file an amended petition as ordered by the court. (ECF No. 12.) The court also ordered petitioner to file an amended petition. (*Id.*)

With respect to the order to show cause, petitioner's counsel indicates that his failure to file an amended petition resulted from a calendaring error, but that he has taken steps to ensure such an error does not occur in the future. (ECF No. 14.) Accordingly, the court concludes that under the

circumstances, sanctions are not warranted.

Petitioner moves the court to stay this case because of proceedings pending in state court. (ECF No. 13.) Respondents take no position on the motion. (ECF No. 15.) In *Pace v. DiGuglielmo*, 544 U.S. 408, 416-417 (2005), the United States Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his or her federal petition would generally constitute good cause under *Rhines v. Weber*, 544 U.S. 269 (2005), for his or her failure to exhaust state remedies before filing a federal petition. In this case, when petitioner moved for the appointment of counsel, she stated that she intended to raise ineffective-assistance-of-counsel claims but that due to the complex nature of her case, she was unable to understand or formulate such claims. (ECF No. 7.) The court concludes that petitioner's reasonable confusion concerning the timeliness and formulation of claims regarding the effectiveness of her counsel, combined with the complex nature of her case and likely prejudice to her if the case is dismissed, supports a finding of good cause for a stay. Moreover, ineffective assistance of counsel is a cognizable basis for habeas relief and no evidence exists that petitioner seeks a stay for an improper purpose. *See Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Accordingly, the court grants petitioner's request for a stay.

**IT IS THEREFORE ORDERED** that petitioner's motion to stay (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending the conclusion of proceedings in state court. Petitioner may move to reopen the matter after state court proceedings have concluded.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

1  **IT IS FURTHER ORDERED** that the clerk shall **ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.**

Dated this ___7th___ day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE